IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND<br><br>    Plaintiffs,<br><br>-vs-<br><br>AMERICAN STAR PAINTING COMPANY, LLC<br><br>    Defendant. | CASE NO. 2:21-cv-00850 |

## COMPLAINT

1.  Plaintiffs, the Trustees of the Indiana State Council of Roofers Health and Welfare Fund, are trustees of a multiemployer benefit plan and employee welfare plan. Defendant American Star Painting Company, LLC is an employer that is obligated to make contributions to the Fund based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Fund. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of collecting contributions and other amounts due to the Fund.

## JURISDICTION AND VENUE

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because Defendant is a resident of and may be found within the jurisdiction of the U.S. District Court, Southern District of Ohio.

## THE PARTIES

4. Plaintiffs, the Trustees of the Indiana State Council of Roofers Health and Welfare Fund, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii).

5. Defendant American Star Painting Company LLC is an Ohio company with its principal place of business located at 201 Mitchell's Lane, Marietta, OH 45750. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

6. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

7. At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). The terms of the CBA require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBA also binds Defendant to the terms of the Fund's Trust Agreement.

8. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Policy.

9. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

10. The Fund's Collection Policy require Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and subject to liquidated damages and interest.

11. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

## COUNT I
### (ERISA § 515, 29 U.S.C. § 1145 – Failure to Pay Contributions)

12. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

13. Defendant has failed to pay the required contributions for the months of January 2018 to the present.

14. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

3

## COUNT II
**(LMRA § 301, 29 U.S.C. § 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16. Defendant has failed to pay the required contributions for the months of January 2018 to the present.

17. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
**(ERISA § 515, 219 U.S.C. § 1145 – Failure to Pay Liquidated Damages)**

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. Defendants have failed to timely pay contributions for the months of January 2018 to the present. As a result, Defendants owe liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

20. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
**(LMRA § 301, 29 U.S.C. 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. Defendant has failed to timely pay contributions for the months of January 2018 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount

due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

23. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### (ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E) – Order Compelling Payroll Audit)

24. Plaintiffs reallege each averment set forth as if fully rewritten herein.

25. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, unless Defendants submit to an audit, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

26. Under the terms of the CBA, Trust Agreement, and Collection Policy, Defendants must submit to a payroll audit at the request of Plaintiffs.

27. As a result, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 2018 to the present, in an amount to be determined;

B. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period of January 2018 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

D. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

E. Judgment on behalf of Plaintiffs and against Defendants for the costs of any and all payroll audits needed to determine the amounts owed by Defendants;

F. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (0096213)
Thomas R. Kendall (0080996)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*